UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RECO VALARIE CAUTHEN,

        Plaintiff,

v.                                                 Case No. 5:20-cv-371-BJD-PRL

LIEUTENANT BLACKMON,
et al.,

        Defendants.
_____

## **ORDER**

Plaintiff, a federal inmate, is proceeding on an amended complaint under *Bivens*[1] against two Defendants (Doc. 16). Defendant Blackmon moved to dismiss the Eighth Amendment excessive force claim against him, arguing among other things that such a claim is not cognizable under *Bivens* after the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (clarifying that, before extending a *Bivens* remedy, district courts must engage in a two-step inquiry, asking first whether the case presents a new *Bivens* context and second whether "special factors" counsel hesitation in extending a *Bivens* remedy).

---

[1] *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

In denying Defendant Blackmon's motion, the Court found Plaintiff's claim does not arise in a new context and, even if it did, no special factors counsel hesitation in extending a *Bivens* remedy. *See* Order (Doc. 60). Defendant Blackmon moves the Court to reconsider its ruling under Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 78; Def. Mot.) in light of the Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), which was issued after this Court ruled on his motion to dismiss. *See* Def. Mot. at 1-2, 6-7. Plaintiff opposes the motion (Doc. 79; Pl. Resp.), though he merely reiterates the factual basis for his Eighth Amendment claim against Defendant Blackmon; he does not address *Egbert* specifically or *Bivens* claims generally. *See generally* Pl. Resp.

In *Egbert*, the plaintiff sued a Border Patrol Agent for, as relevant here, a Fourth Amendment violation (excessive force) for physically assaulting him outside his home at the Canadian border when the Agent was investigating a suspected smuggling. 142 S. Ct. at 1801-02. The Court held the court of appeals "plainly erred" when it permitted the plaintiff's Fourth Amendment excessive force claim to proceed under *Bivens*. *Id.* at 1804. In accordance with its recent decisions emphasizing that extending *Bivens* remedies is "a disfavored judicial activity," i*d.* at 1803 (citing *Ziglar*, 137 S. Ct. at 1856-57; *Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020)), the Court reaffirmed its holding in *Hernandez*:

2

"a *Bivens* cause of action may not lie where . . . national security is at issue." *Id.* at 1805. Additionally, the Court held that aggrieved individuals in the plaintiff's position could, as plaintiff did, take "advantage of [a] grievance procedure." *Id.* at 1806.

*Egbert* does not constitute a "change in the controlling law" that would mandate reconsideration of the Court's finding with respect to the viability of Plaintiff's excessive force claim against Defendant Blackmon. *See Nunez v. Sec'y, Fla. Dep't of Corr.*, No. 17-13112-K, 2017 WL 11622196, at *2 (11th Cir. Oct. 18, 2017) (noting one ground that would justify granting a motion for reconsideration is when there has been a change in the controlling law). In *Egbert*, the Supreme Court did not hold a *Bivens* remedy is unavailable in the context of a prisoner alleging a corrections officer used excessive force against him in violation of the Eighth Amendment. *See Egbert*, 142 S. Ct. at 1804-05. And the Supreme Court did not overrule *Bivens* or *Carlson*,[2] nor did it change the analytic framework that binds district courts when confronted with *Bivens* claims. *See id.* Rather, the Court collapsed the two-step *Ziglar* inquiry into one, emphasizing the single most important question is "whether there is any

---

[2] *Carlson v. Green*, 446 U.S. 14, 19 (1980) (extending a *Bivens* remedy to a claim alleging prison officials violated an inmate's Eighth Amendment right to receive adequate medical care). In finding this case does not present a "new context" and there are no special factors counseling hesitation in extending a *Bivens* remedy, this Court found particularly persuasive the *Carlson* decision. *See* Order (Doc. 60).

reason to think that Congress might be better equipped to create a damages remedy," and, if so, "as it will be in most every case . . . [then] no *Bivens* action may lie." *Id.* at 1803 (citing *Hernandez*, 140 S. Ct. at 750; *Ziglar*, 137 S. Ct. at 1857-58).

Before *Egbert* was decided, the Supreme Court clearly and consistently mandated that district courts consider whether Congress were better positioned than the judiciary to extend new damages remedies to those injured by federal employees. *See Hernandez*, 140 S. Ct. at 750 (noting the "most important question" is "who should decide whether to provide for a damages remedy, Congress or the courts?" (internal quotation marks omitted)); *Ziglar*, 137 S. Ct. at 1857 ("[T]he Court's precedents now instruct, the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." (internal quotation marks omitted)).

In finding Plaintiff's excessive force claim could proceed, this Court heeded the Supreme Court's unequivocal and clearly expressed mandate— announced pre-*Egbert*—to "exercise caution before extending *Bivens* remedies into a[] new context" and to consider whether special factors would counsel hesitation in extending a *Bivens* remedy. *See* Order (Doc. 60). A holding that a Fourth Amendment excessive force claim for damages may not proceed against

4

a Border Patrol Agent investigating a matter of national security does not dictate that a federal inmate may not proceed on a claim for damages under the Eighth Amendment against a corrections officer who allegedly assaulted the inmate while he was having a heart attack.

Accordingly, Defendant Blackmon's motion for reconsideration (Doc. 78) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of April 2023.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Reco Valarie Cauthen
Counsel of Record